Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
9920 Gulf Freeway, Suite 100
Houston, TX 77034
Tel: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| GELYN RAQUEL MEJIA | § § § | |
| *Plaintiffs*, | § § | Case No. 4:25-cv-1972 |
| v. | § § | |
| KRISTI NOEM, Secretary of the Department of Homeland Security; KIKA SCOTT, Acting Director of the U.S. Citizenship and Immigration Services; THOMAS SCHUURMANS, Director of the U.S. Citizenship and Immigration Services Nebraska Service Center | § § § § § § § § | Date: May 1, 2025 |
| *Defendants*. | § | |

---

## PLAINTIFF'S COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

This is a complaint for relief under the Administrative Procedure Act ("APA"). The Plaintiff, Gelyn Raquel Mejia (also the "Principal" or "Petitioner"), files the instant complaint against Defendants because the U.S. Citizenship and Immigration Services ("USCIS" or "Service"), a federal agency within the Department of Homeland Security ("DHS"), acted arbitrarily, capriciously, and erred as a matter of law when it denied the Form I-918A, Petition for Qualifying Family Member of U-1 Recipient, filed by the Plaintiff on behalf of her spouse, Alejandro Ernesto Miranda Gaitan ("Derivative" or "Qualifying Family Member"), on May 31, 2022. *See* Exhibit 1—USCIS Decision (July 26, 2024); *see also* Exhibit 2—USCIS Denial of Form I-290B, Motion to Reconsider (October 24, 2024).

Specifically, despite Plaintiff's evidence demonstrating that at the time of adjudication of the Form I-918A filed on behalf of her Qualifying Family Member, she (the principal) was still in U-1 nonimmigrant status, the USCIS, acted arbitrarily, capriciously, and erred as a matter of law by determining Principal was no longer in U-1 nonimmigrant status at the time of said adjudication, and as such, the Derivative could not be classified as a qualifying family member of a U-1 nonimmigrant. *Id.*

Plaintiffs seek *de novo* review of the Service's final agency decision; a declaratory judgement that the USCIS acted arbitrarily, capriciously, and not in accordance with the law when it denied Plaintiff's Form I-918A on the erroneous

basis stated above. *See* Exhibit 1, *supra*.  Plaintiff also seeks relief under the APA to

compel the Service to reopen and adjudicate her Form I-918A by applying the proper

legal standard required under the controlling authorities citied herein.

This complaint is being filed against the following Defendants: Kristi Noem,

in her official capacity as Secretary of the DHS; Kika Scott, in her official capacity

as the Acting Director of the USCIS; and Thomas Schuurmans, in his official

capacity as the USCIS Nebraska Service Center Director.

## I.  INTRODUCTION

1.  Principal U visa applicants who are 21 years old or older may apply for
    derivative U visas for their spouses and children. *See* 8 U.S.C. §
    1101(a)(15)(U)(ii)(II).

2.  In addition to meeting eligibility criteria, a U visa applicant and their
    qualifying family members must either be admissible to the United States or
    be granted a waiver for any ground of inadmissibility that pertains to them.
    *See* 8 U.S.C. §§ 1182(d)(14); 1184(a)(1); *see also* 8 C.F.R. § 214.1(a)(3)(i).

3.  Also, an applicant for U *derivative* nonimmigrant status on the basis of being
    a qualifying family member, must demonstrate that: (1) the principal is still in
    U-1 nonimmigrant status or, if the principal has adjusted status and become
    an LPR, the qualifying family member had, before the U-1's adjustment of
    status to that of a legal permanent resident ("LPR") of the United States,

previously been accorded derivative U nonimmigrant status. No derivative U visa may be issued if the U-1 principal's status terminated or expired; (2) the person for whom U-2, U-3, U-4, or U-5 status is being sought is a qualifying family member (as defined in 8 C.F.R. § 214.14(a)(10)); (3) the qualifying family member is otherwise admissible to the United States; and (4) the U-3 derivative child petitioner or the U-5 derivative sibling petitioner is unmarried when the visa is issued. *See* 9 FAM 402.6-6(E)(2)(c).

4.    Notably, 8 U.S.C. § 1184(p)(6) provides that the USCIS must extend U nonimmigrant status when *inter alia* an application for adjustment of status under 8 U.S.C. § 1255(m)[1] is pending.

5.    As such, Plaintiff submits that the decision of the USCIS, finding that she was no longer in U-1 nonimmigrant status at the time of adjudication of the form I-918A filed on behalf of her spouse runs contrary to the facts of this case and is contrary to the statute. Accordingly, said decision is arbitrary, capricious, an abuse of discretion, and is not in accordance with the law. Relief under the APA is, therefore, the proper remedy.

6.    Plaintiff seeks an order from this Court finding that the final agency decision rendered by the Service, denying the Form I-918A filed on behalf of her spouse—on the ground that Plaintiff was supposedly no longer in U-1

---

[1] 8 U.S.C. § 1255(m) provides for adjustment of status to that of LPR for U nonimmigrants.

nonimmigrant status—was arbitrary and capricious, an abuse of discretion, and otherwise, not in accordance with the law.

7. Additionally, Plaintiff seeks an order from this Court compelling the USCIS to reopen and adjudicate the Form I-918A filed on behalf of her qualifying relative by properly applying controlling law to the clear facts of this matter.

8. Plaintiff has exhausted her remedies in this case and is not required to do anything further. It is thus considered a "final" agency action subject to judicial review by this Court for which there can be no judicially imposed exhaustion requirement. *Darby v. Cisneros*, 509 U.S. 137, 147 (1993); *see also* 5 U.S.C. § 704.

## II. JURISDICTION AND VENUE

9. This action arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, and the APA, 5 U.S.C. §§ 701 *et seq*. Because this matter involves the federal laws of the United States, subject-matter jurisdiction is proper under 28 U.S.C. § 1331. Also, because the United States is a Defendant, jurisdiction is proper under 28 U.S.C. § 1346(a)(2).

10. Further, this Court has jurisdiction under the APA since Plaintiff, herein, has suffered a legal wrong due to arbitrary and capricious misapplication of the law by a U.S. government agency, and she has been adversely affected and aggrieved by said action, for which there is no adequate remedy. *See* 5 U.S.C.

§§ 702, 704; *see also Texas v. United States*, 809 F.3d 134, 163 (5th Cir. 2015) (noting there "is a well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action").

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e)(1), since this is a civil action where an agency of the United States is a defendant, Plaintiff resides in Houston Texas, and no real property is involved in this action.

### III.  PARTIES

12. Plaintiff, Gelyn Raquel Mejia (A# 075-298-530) is an LPR of the United States, who resides at: 7522 Greentone St, Houston, Texas 77087. *See* Exhibit 3 – Principal's Legal Permanent Resident Card.

13. Defendant, Kristi Noem is the Secretary of the DHS under which the USCIS operates. In this role, she is generally charged with enforcement of the Immigration and Nationality Act ("INA") and is also responsible for adjudications of the Form I-918A that was filed by Plaintiff in this case. *See* Exhibit 1, *supra*. She is further authorized to delegate such powers and authority to subordinate employees of the DHS under 8 U.S.C. § 1103(a) and has, specifically, delegated her authority to adjudicate Form I-918A petitions to the USCIS. She is sued in her official capacity and may be served at: 2707 Martin Luther King Jr. Ave. SE, Washington, D.C. 20528-0485.

14. Defendant, Kika Scott is the Acting Director of the USCIS and is the official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant under the facts asserted herein. *See* 8 C.F.R. § 103.1(g)(2)(ii)(B). The USCIS is the agency charged with the duty to adjudicate petitions for qualifying family members of U-1 recipients, such as the Form I-918A petition which was filed by Plaintiff on behalf of her Qualifying Family Member on May 31, 2022, and which is the subject of this Complaint. *See* Exhibit 1, *supra*. She is sued in her official capacity and may be served at: 5900 Capital Gateway Drive, Camp Springs, MD, 20746

15. Defendant, Thomas Schuurmans, is the Director of the USCIS Nebraska Service Center, where Plaintiff's Form I-918A and subsequent I-290B were adjudicated, and where her Form I-929 Petition for Qualifying Family Member of a U-1 Nonimmigrant is presently pending. Pursuant to 8 C.F.R. § 2.1, he has been delegated authority to control all the USCIS activities within the Nebraska Service Center, including the authority to adjudicate Form I-918A that was filed by Plaintiff on May 31, 2022, which is the subject of the Complaint being filed. *See* Exhibit 1, *supra*. He is sued in his official capacity and may be served at: 5900 Capital Gateway Drive, Camp Springs, MD, 20746.

7

## IV.  STATUTORY AND LEGAL BACKGROUND

16. To obtain U status, an applicant must satisfy several criteria. The applicant must (1) be the victim of qualifying criminal activity; (2) have suffered substantial physical or mental abuse as a result of that criminal activity; (3) possess credible and reliable information concerning the criminal activity; and (4) have received a signed, third-party certification from a law enforcement official, prosecutor, judge, or other similar official attesting to their helpfulness in the investigation or prosecution of the criminal activity. *See* 8 U.S.C. §§ 1101(a)(15)(U), 1184(p)(1); 8 C.F.R. § 214.14(b).

17. An alien who has petitioned for *or* has been granted U-1 nonimmigrant status (*i.e.*, principal alien) may petition for the admission of a qualifying family member in a U-2 (spouse), U-3 (child), U-4 (parent of a U-1 alien who is a child under 21 years of age), or U-5 (unmarried sibling under the age of 18) derivative status, if accompanying or following to join such principal alien. *See* 8 U.S.C. § 1101(a)(15)(U)(ii)(II); 8 C.F.R. § 214.14(f)(1).

18. Such a U-1 nonimmigrant status applicant *or* recipient may apply for derivative U nonimmigrant status on behalf of qualifying family members by submitting Form I-918, Supplement A for each family member. *See* 8 C.F.R. § 214.14(f)(2).

19. In addition to meeting eligibility criteria, a U visa applicant and their

qualifying family members must either be admissible to the United States or be granted a waiver for any ground of inadmissibility that pertains to them. *See* 8 U.S.C. §§ 1182(d)(14), 1184(a)(1); 8 C.F.R. § 214.1(a)(3)(i).

20. An applicant for U *derivative* nonimmigrant status on the basis of being a qualifying family member, must demonstrate that: (1) the principal is still in U-1 nonimmigrant status or, if the principal has adjusted status and become an LPR, the qualifying family member had, before the U-1's adjustment of status to LPR, previously been accorded derivative U nonimmigrant status. No derivative U visa may be issued if the U-1 principal's status terminated or expired; (2) the person for whom U-2, U-3, U-4, or U-5 status is being sought is a qualifying family member (as defined in 8 CFR 214.14(a)(10)); (3) the qualifying family member is otherwise admissible to the United States; and (4) the U-3 derivative child petitioner or the U-5 derivative sibling petitioner is unmarried when the visa is issued. *See* 9 FAM 402.6-6(E)(2)(c).

21. Notably, 8 U.S.C. § 1184(p)(6) provides that the USCIS must extend U nonimmigrant status when *inter alia* an application for adjustment of status under 8 U.S.C. § 1255(m) is pending.

22. After admission into the United States as a *derivative* U nonimmigrant, derivative status may be extended beyond the expiration of the principal's U nonimmigrant's status to ensure the derivative will accrue at least three years

in U nonimmigrant status for purposes of adjusting status under INA § 245(m). *See* Exhibit 4 – Policy Memorandum, PM-602-0032.2, Extension of Status for T and U Nonimmigrants (Corrected and Reissued); Exhibit 5 – Policy Memorandum, PM-602-0001, Extension of U Nonimmigrant Status for Derivative Family Members Using the Application to Extend/Change Nonimmigrant Status (Form I-539).

23. The APA provides that the person who suffers a legal wrong due to an agency's inaction or is "adversely affected or aggrieved by an agency action," is entitled to judicial review. *See* 5 U.S.C. §§ 702, 704.

24. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. *See* 5 U.S.C. § 551(13).

25. The reviewing court is authorized to compel action by an agency, hold its actions unlawful, and set aside agency actions, findings, and conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" or "contrary to constitutional right." *See* 5 U.S.C. § 706(1)(2)(A)-(B).

## V. FACTUAL BACKGROUND

26. Effective March 1, 2003, the DHS assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service."

10

The Secretary of DHS is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." *See* 8 C.F.R. § 2.1.

27. The USCIS is a bureau within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* USCIS has the jurisdiction to adjudicate Supplement A, Petitions for Qualifying Family Members of U-1 Recipients ("Form I-918A"). *See* 8 C.F.R. § 214.14(f)(2).

28. Plaintiff, Gelyn Raquel Mejia (A# 075-298-530) is an LPR of the United States. *See* Exhibit 3, *supra*.

29. Prior to becoming an LPR, she applied for U-1 nonimmigrant status as the victim of a qualifying crime and was granted U-1 nonimmigrant status on January 16, 2020. *See* Exhibit 6 – Principal's U-1 Approval Notice.

30. Said status was valid for four (4) years, i.e., January 16, 2020, until January 15, 2024. *Id.*

31. While still in U-1 status, on May 31, 2022, Plaintiff filed a Form I-918A, Petition for Qualifying Family Member, on behalf of her spouse, Alejandro Ernesto Miranda Gaitan. *See* Exhibit 7 – Form I-918A Receipt Notice.

32. Thereafter, on October 24, 2023, Principal, having been in U-1 nonimmigrant status for the required three years, applied for adjustment of her status to that

of a legal permanent resident. *See* Exhibit 8 – Principal's Adjustment of Status Receipt Notice.

33. However, on July 26, 2024, while Plaintiff's application for adjustment of status was still pending before the USCIS, it denied the Form I-918A filed by Plaintiff on behalf of her spouse. *See* Exhibit 1, *supra*.

34. Inexplicably, the USCIS determined that the Principal's U-1 nonimmigrant status had expired and that her spouse could not be classified as a qualifying family member of a U-1 nonimmigrant. *Id.*

35. Notably, at the time of the USCIS' denial of the Form I-918A (denied on July 26, 2024), Principal's adjustment of status application was still pending before the USCIS. *See* Exhibit 9 – Principal's Adjustment of Status Approval Notice (approved on August 21, 2024).

36. Additionally, as a result of said wrongful denial, the USCIS also denied Derivative's Form I-192 Application for Advance Permission to Enter as a Nonimmigrant (which is a waiver of his grounds of inadmissibility) on the basis that approval of Form I-192 is contingent upon approval of the Form I-918A, and since his Form I-918A was denied, he was ineligible to receive the waiver of inadmissibility. *See* Exhibit 10 – USCIS Decision on Derivative's Form I-192.

37. Thereafter, on August 15, 2024, Plaintiff timely filed a Form I-290B (Notice

of Appeal or Motion) with the USCIS, stating that the denial of Form I-918A was based on misapplication of the law and the Service's own policy memoranda; however, the USCIS denied her Form I-290B on October 24, 2024. *See* Exhibit 2, *supra.*

38. Unfortunately, the USCIS denied Plaintiff's Form I-290B, after stating that the Motion "neither provides new evidence, provides precedent decisions to consider, nor establishes that the decision was incorrect based upon the evidence of record at the time." *Id.*

39. Thereafter, on November 25, 2024, Plaintiff filed a second Form I-290B with the USCIS challenging the erroneous denial of her Form I-918A, maintaining that said denial was based on incorrect application of the statute, regulations, and the agency's own policy memoranda. *See* Exhibit 11 – Receipt Notice for Second Form I-290B. Plaintiff's second Form I-290B was denied on January 30, 2025. *See* Exhibit 12 – USCIS Denial of Second Form I-290B.

40. Additionally, having adjusted her status to that of an LPR, on December 5, 2024, Principal filed a Form I-929, Petition for Qualifying Family Member of a U-1 Nonimmigrant. *See* Exhibit 13 – Receipt Notice for Form I-929.

41. Unfortunately, present processing time for I-929 petitions are 32.5 months, i.e., close to a three (3) year period. *See* Exhibit 14 – USCIS Processing Times for I-929 Petitions.

42. To date, Plaintiff's Form I-929 remain pending before the USCIS. *See* Exhibit 13.

43. Due to the USCIS' erroneous application of the relevant statutes, regulations, and its own policy memoranda, Plaintiff incurred additional costs associated with obtaining legal representation for two Form I-290B submissions, additional filing of an I-929 petition and even the present lawsuit, all because the USCIS failed correctly apply the law to the Form I-918A which Principal filed on behalf of her Derivative. *See* Exhibits 1, 2, 11 and 13, *supra*.

44. Plaintiff submits that the USCIS committed legal error in finding the Derivative was ineligible for a grant of U-2 Nonimmigrant status on the clearly erroneous basis that the principal was no longer in U-1 nonimmigrant status. *See* Exhibit 1 and 2, *supra*. Because Plaintiff was still in U-1 nonimmigrant status at the time the Form I-918A filed on behalf of Derivative was adjudicated by USCIS, Derivative was eligible to receive said grant of U-2 nonimmigrant status. *See* Exhibit 9, *supra*. As such, the USCIS' decision to the contrary is legally erroneous pursuant to 8 U.S.C. § 1184(p)(6).

45. Given the Service's erroneous denial of Plaintiff's I-918A application—as well as of her Form I-290B—Plaintiff has no other avenues for relief. Accordingly, she now files the present action requesting that this Honorable Court compel the USCIS to reopen and re-adjudicate her Form I-918A filed

on behalf of her Derivative, based on the proper application of the relevant legal standard to the facts of this matter.

## VI. CLAIMS FOR RELIEF

46. Plaintiff incorporates by reference the allegations in paragraphs 1-45.

47. Plaintiff contends that under the APA, the Service's denial of her Form I-918A, and the subsequent denial of her Form I-290B, was "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A); *see also* Exhibits 1 and 2, *supra*.

48. The U.S. Supreme Court has held that an agency's actions may be considered arbitrary, capricious, or an abuse of discretion if said actions inexplicably depart from the agency's own course of adjudication, regulations, or policies. *See INS v. Yang*, 519 U.S. 26, 32 (1996) (noting that "though an agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion.'").

49. In this case, the USCIS irrationally departed from its own policy and erred as a matter of law by finding that Derivative could not be classified as a family member of a U-1 nonimmigrant on the erroneous basis that the Principal was

15

no longer in U-1 nonimmigrant status. *See* Exhibit 1, *supra.*

50. As noted previously, 8 USC § 1184(p)(6) provides that USCIS must extend U nonimmigrant status when *inter alia* an application for adjustment of status under 8 U.S.C. § 1255(m) is pending.

51. The Service's policy memorandum states that to receive an extension of U nonimmigrant status based on the filing of an application for adjustment of status, the U nonimmigrant must file Form I-485, Application to Register Permanent Residence or Adjust Status, in accordance with the form instructions.  If the U nonimmigrant files the Form I-485 while still in valid U nonimmigrant status, there is no need to file Form I-539, Application to Extend/Change Nonimmigrant Status. *See* Exhibit 4, *supra* at page 9.

52. The Service's policy memorandum further states that the extension of U nonimmigrant status will be valid until a decision is rendered on the pending Form I-485 and, during that time, the applicant will continue in valid U nonimmigrant status with all the associated rights, privileges, and responsibilities. *Id.*

53. In the present case, Plaintiff filed her Form I-485 while still in U-1 nonimmigrant status. Specifically, Plaintiff was admitted to U-1 nonimmigrant status, which was valid from January 16, 2020, until January 15, 2024. *See* Exhibits 6 and 8. Plaintiff then filed her Form I-485 on October

24, 2023. *See* Exhibits 6 and 8, *supra*.

54. As such, Plaintiff's U-1 nonimmigrant status was automatically extended with the filing of her Form I-485 pursuant to 8 U.S.C. § 1184(p)(6) and the Service's policy memoranda. *See* Exhibits 4 and 5, *supra*.

55. Therefore, Plaintiff was in valid U-1 nonimmigrant status until the day the USCIS adjudicated her Form I-485, which was on August 21, 2024. *See* Exhibit 9, *supra*.

56. As a result, the USCIS' July 26, 2024, denial of the Form I-918A filed by Plaintiff when her adjustment of status application was still pending before the USCIS, was "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law."

57. However, despite this evidence presented by Plaintiff, the USCIS erroneously denied her Form I-290B on the basis that the Motion "neither provides new evidence, provides precedent decisions to consider, nor establishes that the decision was incorrect based upon the evidence of record at the time." *See* Exhibit 2, *supra*.

58. Therefore, by erroneously concluding that Derivative in this case could not be classified as a family member of a U-1 nonimmigrant on the erroneous basis that the Principal was no longer in U-1 nonimmigrant status, the USCIS acted contrary to the law and its own policy.

59. Agencies are required to "examine[s] the relevant data and articulate[s] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983).

60. A rule is arbitrary and capricious if the agency relied on "impermissible factors, failed to consider important aspects of the problem, offered an explanation for its decision that is contrary to the record evidence, or is so irrational that it could not be attributed to a difference in opinion or the result of agency expertise." *See BCCA Appeal Grp. v. U.S. EPA,* 355 F.3d 817, 824 (5th Cir. 2003).

61. In this case, given the law and evidence presented, Plaintiff maintains that judicial review under the APA is proper in this case, since the USCIS acted arbitrarily, capriciously, abused its discretion, and clearly departed from the law and its own policy, when it erroneously denied her Form I-918A and Form I-290B. *See* Exhibits 1 and 2, *supra.*

## VII.  EXHAUSTION

62. Plaintiff incorporates by reference the allegations in paragraphs 1-61.

63. As noted previously, Plaintiff is not required to exhaust her administrative remedies with respect to the denial of her Form I-918A and her Form I-290B because she is contesting a "final" agency action that is subject to judicial

review under the APA.

64. The language of 5 U.S.C. § 704 states that an agency action is "final" without regard to whether an alien seeks reconsideration or appeal to a higher agency authority, *unless* there is a statute or regulation that requires the alien to file an appeal and the agency action is inoperative during the appeal.

65. In this case, Plaintiff filed her Form I-918A, and once it was denied, she timely filed a motion to reopen, Form I-290B. *See* Exhibits 1 and 2, *supra*. Therefore, when the USCIS issued its decision to deny Plaintiff's Form I-485, and her subsequent motion to reopen, said denial constituted a "final" agency action for purposes of the APA. *See Darby*, 509 U.S. at 137. As such, there is no judicially imposed exhaustion requirement and judicial review is proper before this Court.

66. Additionally, the Supreme Court held in *Santos-Zacaria v. Garland*, that 8 U.S.C. § 1252(d)(1) lacks the clear statement necessary to qualify as jurisdictional. *See Santos-Zacaria v. Garland*, 598 U.S. ___ (2023). The Supreme Court further stated that 1252(d)(1) requires exhausting only remedies "available . . . as of right." *Id*.

67. Plaintiff submits that there is no other available remedy "*as of right*" which she is required to exhaust before filing her case requesting judicial review of the USCIS' decision under the APA. *Id.*

68. Accordingly, Plaintiff clearly has no other avenues of relief other than her APA claim before this Honorable Court.

## VIII.  CONCLUSION

69. For the aforementioned reasons, Plaintiff respectfully maintains that the Service's decision to deny her Form I-918A was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. *See* 8 U.S.C. § 706(2)(A)-(B). Judicial review by this Court is, therefore, warranted under the APA.

## IX.  PRAYER FOR RELIEF

70. Wherefore, Plaintiff respectfully requests that this Court:

    a.  accept jurisdiction and venue as proper;

    b.  issue a declaratory judgment that the Service's denial of Plaintiff's Form I-918A was arbitrary, capricious, an abuse of discretion, and not in accordance with the law;

    c.  issue an order under the APA to compel the USCIS to reopen and adjudicate Plaintiff's Form I-918A in accordance with the controlling authorities cited herein;

    d.  grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

    e.  grant Plaintiff all other relief as the Court may deem just and proper.

Respectfully submitted,

GONZALEZ OLIVIERI, LLC

*/s/ Raed Gonzalez*

_____

Raed Gonzalez, Esq.
Attorney for Plaintiff
Texas Bar No. 24010063
9920 Gulf Freeway, Suite 100
Houston, TX 77034
Phone: (713) 481-3040,
Fax:   (713)588-8683
rgonzalez@gonzalezolivierillc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| GELYN RAQUEL MEJIA | § | |
| | § | |
| *Plaintiffs*, | § | Case No. 4:25-cv-1972 |
| | § | |
| v. | § | |
| | § | |
| KRISTI NOEM, Secretary of the Department | § | Date: May 1, 2025 |
| of Homeland Security; KIKA SCOTT, Acting | § | |
| Director of the U.S. Citizenship and Immigration | § | |
| Services; THOMAS SCHUURMANS, Director | § | |
| of the U.S. Citizenship and Immigration Services | § | |
| Nebraska Service Center | § | |
| | § | |
| *Defendants*. | § | |

---

## INDEX OF EXHIBITS

---

Exhibit 1    USCIS Decision (July 26, 2024)

Exhibit 2    USCIS Denial of Form I-290B, Motion to Reconsider (October 24, 2024)

Exhibit 3    Principal's Legal Permanent Resident Card.

Exhibit 4    Policy Memorandum, PM-602-0032.2, Extension of Status for T and U Nonimmigrants (Corrected and Reissued)

Exhibit 5    Policy Memorandum, PM-602-0001, Extension of U Nonimmigrant Status for Derivative Family Members Using the Application to Extend/Change Nonimmigrant Status (Form I-539)

Exhibit 6       Principal's U-1 Approval Notice

Exhibit 7       Form I-918A Receipt Notice.

Exhibit 8       Principal's Adjustment of Status Receipt Notice.

Exhibit 9       Principal's Adjustment of Status Approval Notice (approved on August 21, 2024)

Exhibit 10      USCIS Decision on Derivative's Form I-192

Exhibit 11      Receipt Notice for Second Form I-290B

Exhibit 12      USCIS Denial of Second Form I-290B.

Exhibit 13      Receipt Notice for Form I-929

Exhibit 14      USCIS Processing Times for I-929 Petitions